# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **RICHARD EDWIN PAINE,**<br><br>　　　　**Plaintiff,**<br>vs.<br><br>**JOHN D. FISH,**<br><br>　　　　**Defendant.** | CASE NO: CV04-191-N-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are Defendant John D. Fish's motion for summary judgment and/or dismissal and Plaintiff Richard Edwin Paine's motion for default and/or summary judgment. The time for filing responses to the motions has expired and the matters are now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

The complaint in this action was filed on April 15, 2004 seeking to quiet title to certain real property.[1] The Defendant John D. Fish sold the property to the Plaintiff Richard Edwin Paine and

---

[1] The factual summary is that used in the Court's previous order on Defendant's first motion for summary judgment (Dkt. No. 18).

MEMORANDUM ORDER - Page 1
05ORDERS\PAINE_SJ.WPD

his wife Judith Paine. On August 20, 1998 a foreclosure was entered against Mr. Fish's lien on the property and, on October 28, 1998, a sheriff's sale was conducted at which Mr. Fish purchased the property. (Dkt No. 12, Ex. A). On November 3, 1999, the parties entered into a letter agreement whereby Mr. Paine would rent the property from Mr. Fish on a month to month tenant agreement.[2] (Dkt No. 12, Ex. B).

The parties apparently proceeded under this arrangement until April of 2004 when Mr. Fish sent notice to Mr. Pain of default of the agreement. (Dkt. No. 12, Ex. C). The notice demanded that Mr. Pain either make payment or vacate the premises. Receiving neither response, on April 20, 2004 Mr. Fish filed a complaint in state court to enforce the terms of the agreement. (Dkt. No. 12, Ex. D). Prior to that complaint being filed, Mr. Pain initiated the proceedings in this Court by filing his complaint on April 15, 2004. Mr. Paine seeks to quiet title to the property claiming a senior ownership interest. (Dkt. No. 1). Mr. Paine is proceeding pro se in this action and Mr. Fish is represented by counsel.

After concluding jurisdiction was proper, the Court denied Mr. Fish's initial motion for summary judgment. A trial date was then scheduled for May 24, 2005. The trial date was later vacated in light of recent filings by the parties and a State Court decision regarding the property. As a result the parties filed the instant motions.

**Discussion**

Mr. Fish has filed a second motion to dismiss and/or for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and Rule 56. The motion argues that Mr. Paine's interest in the real property was terminated in the State Court proceedings. On August 20, 2004 the State Court entered a judgment which "determined that [John D. Fish] is entitled to possession of

---

[2] Mr. Fish's briefing indicates this rental agreement commenced on October 28, 1999, the date the offer letter was sent. The Court, however, will consider the date of acceptance, November 3, 1999, as the effective date of the parties' agreement.

MEMORANDUM ORDER - Page 2
05ORDERS\PAINE_SJ.WPD

the premises described...." (Dkt. No. 27, Att. 2). Mr. Pain has not responded to the motion but, instead, filed a motion for default and/or summary judgment raising the same arguments as previously asserted in this matter regarding the ownership of the real property. (Dkt. No. 29).

Having reviewed the parties motions and arguments, the Court finds Mr. Paine's claims are precluded and grants Mr. Fish's motion. "Issue preclusion bars relitigation of an issue in a subsequent proceeding if five requirements are satisfied: "(1) the issue in two proceedings is identical[;] (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding[;] (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue[;] (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding [;] and (5) the prior proceeding was the type of proceeding to which [a] court will give preclusive effect." Qwest Corp. v. City of Portland, 385 F.3d 1236, 1244 (9th Cir. 2004) *cert. denied* City of Portland, Or. v. Qwest Corp., 125 S.Ct. 2300 (2005) (citation omitted). As evidenced by the judgment submitted in support of Mr. Fish's motion, the State Court has previously ruled upon the arguments and claims presented in this case. The claims raised in the complaint in this action have been fully and fairly resolved and, therefore, are precluded. In addition, Mr. Fish did not file a response to the motion. Local Civil Rule 7.1(e) states that the failure to timely file any response documents required by the rule in a timely manner may be "deemed to constitute a consent to ... the granting of said motion...." Finally, the Court finds no merit to the claims raised in Mr. Paine's motion for default and/or summary judgment.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby finds as follows:

1) Defendant's Motion for Summary Judgment/Dismiss (Dkt. No. 27) is **GRANTED**.

2) Plaintiff's Motion Questioning Authority (Dkt. No. 24) is **MOOT**.

3) Plaintiff's Motion to Strike (Dkt. No. 28) is **MOOT**.

4) Plaintiff's Motion for Default/Summary Judgment (Dkt. No. 29) is **DENIED**.

DATED: **July 11, 2005**

Honorable Edward J. Lodge
U. S. District Judge